UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRIS CHANDLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:19-CV-2167 |
| | ) |
| MARION UNDERGROUND | ) |
| CONSTRUCTION INC., SHANE WADE, | ) |
| and ANDREA WADE, | ) |
| | ) |
| Defendants. | ) |

COMPLAINT

Plaintiff, Chris Chandler ("Chandler"), brings claims against Defendants, Marion Underground Construction Inc ("MUC"), Shane Wade ("S. Wade"), and Andrea Wade ("A.Wade", collectively "Defendants"), as follows:

OVERVIEW

1. This Complaint arises under the Fair Labor Standards Act, 29 U.S.C. §201 et. Seq. ("FLSA"), I.C. §22-2-5 et. seq., The Indiana Payment Claim Statute ("IWPS"), I.C. §22-2-9 et. seq. and the Indiana Minimum Wage Law of 1965, I.C. §22-2-2 ("IWL").  Defendants violated the FLSA by failing to pay Chandler at least minimum wage for all hours he worked.  Defendants further violated the Indiana Wage Payment Statute by failing to timely pay Chandler his earned wages in accordance with Indiana law.  Moreover, Defendants made unlawful deductions from Chandler's pay.  Chandler pleads violations of the Indiana Minimum Wage Law of 1965 in the alternative.

1

## PARTIES

2.     Chandler is an individual who, at all relevant times, performed services on behalf of Defendants in the greater Indianapolis area.  He was employed by Defendants within the meaning of the FLSA during the two-year period prior to filing of this Complaint.  At all times hereinafter mentioned, Chandler was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).  Moreover, Chandler was an employee as defined by I.C. §22-2-2-3.

3.     MUC is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).  Alternatively, Chandler's work regularly involved commerce between states, including, but not limited to, providing construction services in Indiana for MUC that is based out of Marion, Illinois.  Moreover, MUC is an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 I.C. §22-2-2-3, employing two or more employees at all times relevant to the events described in this Complaint.  MUC performs work throughout central Indiana.

4.     S.Wade and A.Wade are the owners of MUC since January 2010.  In this capacity, S.Wade and A.Wade are involved in the day-to-day operations of MUC.  S.Wade and A.Wade have the authority to make decisions regarding wage and hour issues and routinely review and modify time cards and establishes MUC's pay practices.  At all relevant times, S.Wade and A.Wade have responsibility to act on behalf of, and in the interest of, MUC in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Chandler.  As a result, S.Wade and A.Wade are "employers" within the meaning of 29 U.S.C. § 203(d).

5.     MUC is an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that the enterprise has had employees engaged in

commerce and has an annual gross volume of sales made or business done of not less than $500,000

## JURISDICTION

6.  This Court has jurisdiction over Defendants pursuant to 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over Chandler's Indiana state law claims pursuant to 28 U.S.C. §1367.

## VENUE

7.  Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391.

## FACTS

8.  Chandler was hired by MUC to supervise crews laying fiber optic cables in the Indianapolis area.

9.  Chandler was paid on a salary basis, $1,850 per week.

10. Upon information and belief, MUC has annual revenue in excess of $500,000.

11. MUC routinely purchases good from other states and completes sales transactions with credit cards. Moreover, MUC calls Marion, Illinois Headquarters and contracts to perform construction services in Indianapolis, Indiana.

12. S.Wade and A.Wade manage MUCs pay practices. Defendants have not paid Chandler any wages from July 2018 through the first part of October 2018. Moreover, Defendants would take deductions from Chandler's pay, ostensibly to pay child support and tax obligations. Chandler later discovered that the money being withheld was not being forwarded to the proper authorities.

13. Chandler resigned his position with Defendants.

14. Chandler has lost wages as a result of Defendants' illegal pay practices.

## LEGAL COUNTS

### COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

15. Chandler incorporates paragraphs 1 – 14 herein.

16. During the relevant time period, Defendants violated the provisions of 29 U.S.C. §206 and §207 by failing to comply with the minimum wage requirements of the FLSA.

17. Chandler was harmed by Defendants' unlawful willful and/or reckless conduct.

### COUNT II: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE INDIANA WAGE PAYMENT STATUTE

18. Chandler incorporates paragraphs 1 – 17 herein.

19. During the relevant time period, Defendants violated the provisions of Indiana Code §§22-2-9 et. seq. by failing to timely pay Chandler's earned wages. Chandler calculates that he is owed approximately $20,000.

20. Chandler was harmed by Defendants' conduct, and Defendants do not have a good faith or reasonable basis to have not paid Chandler all the wages he earned in a timely manner as prescribed by the Indiana Wage Payment Statute.

### COUNT III: VIOLATIONS OF THE INDIANA MINIMUM WAGE LAW OF 1965

21. Chandler incorporates paragraphs 1 – 20 herein.

22. Chandler pleads his Indiana overtime claims in the alternative.

23. At all relevant times Defendants violated the Indiana Minimum Wage Law of 1965's overtime wage provisions by failing and refusing to pay Chandler at least minimum wage for all hours he worked.

24. Defendants' conduct is willful, reckless, or indifferent to Chandler's rights.

## **COUNT III: VIOLATIONS OF THE INDIANA WAGE DEDUCTION STATUTE**

25. Chandler incorporates paragraphs 1 – 24 herein.

26. Defendants withheld money from Chandler's checks under the auspice of paying money to child support and the federal and Indiana Departments of Revenue.

27. Defendant did not properly forward the money withheld to any agency.

28. Defendants' conduct is willful, reckless, or indifferent to Chandler's rights.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court to find in his favor and award his the following relief:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff;

b. An Order requiring Defendants to pay Plaintiff liquidated damages;

c. An order awarding Plaintiff unpaid wages and any applicable penalties under Indiana law;

d. An Order awarding Plaintiff the costs of this action;

e. An Order awarding Plaintiff his attorney's fees;

f. A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA and Indiana law by failing to comply with the minimum wage requirements of the FLSA and Indiana law; and

g. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff